LEON LION I EUGENE WHITE, JR,

        Plaintiff,

                                   Case No. 26-cv-1076-bhl

    v.

OFFICER CLEMONS,

        Defendant.

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING THE CASE

On June 16, 2026, Plaintiff Leon Lion I Eugene White, Jr., proceeding without an attorney, filed a complaint against "Officer Clemons" and a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) The matter is before the Court for consideration of White's IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). White's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) He represents that he receives $967.00 per month in Social Security Income and has monthly expenses of $330.00 "or more." (ECF No. 2 at 2–3.)

On these facts, the Court will deny White's IFP motion, because he has not shown that he is indigent. While a plaintiff need not be totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is only $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Based on his own representations to the Court, White has an

excess of $637.00 in monthly net income after paying his expenses.  He may use this money to pay the filing fee.

The Court will also dismiss the case without prejudice.  This is not White's only pending case in this Court, or even his only case pending against Clemons.  On May 22, 2026, White filed three complaints—two against Clemons and one against Defendant Andrew Huber—and three IFP motions.  *White v. Clemons (Clemons I)*, Case No. 26-cv-912, ECF Nos. 1 & 2; *White v. Clemons (Clemons II)*, Case No. 26-cv-913, ECF Nos. 1 & 2; *White v. Huber*, Case No. 26-cv-916, ECF Nos. 1 & 2.  On May 28, 2026, the Court found that White was not significantly indigent to warrant IFP status and denied all three motions.  *Clemons I*, Case No. 26-cv-912, ECF No. 4; *Clemons II*, Case No. 26-cv-913, ECF No. 4; *Huber*, Case No. 26-cv-916, ECF No. 4.  White's past motions are the same as his current one, showing that his present financial situation has not changed.  *Compare* (ECF No. 2)*, with Clemons I*, Case No. 26-cv-912, ECF No. 2; *Clemons II*, Case No. 26-cv-913, ECF No. 2; *Huber*, Case No. 26-cv-916, ECF No. 2.  And, on June 16, 2026—the same day he filed the present case—White paid the filing fee in one of his other cases.  *See Clemons I*, Case No. 26-cv-912.  The Court's prior orders made clear that White is not IFP eligible.  Despite this, he filed another IFP motion with unchanged financial circumstances *while he paid the fee for a separate case*.

"Litigation is not a free good." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 259 (7th Cir. 1987).  White's latest IFP motion, filed without changed financial circumstances, shows a blatant disregard for the Court's prior rulings.  *See United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995).  If White attempts it again, future cases may be dismissed *with prejudice* as a sanction.  *See Omegbu v. Milwaukee Cnty.*, No. 05-C-596, 2008 WL 220342 (E.D. Wis. Jan. 25, 2008).  For now, the Court will dismiss the case without prejudice, and White may choose to pay the filing fee and refile his lawsuit at a later date, subject to any applicable statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that White's motion to proceed IFP, ECF No. 2, is **DENIED**, and the case is **DISMISSED without prejudice**.  The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 18, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge